# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| PAUL M NDJOKO, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 7:12-CV-164-HL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, FELICIA SKINNER, | : | |
| JANET NAPOLITANO, and WARDEN | : | |
| of IRWIN COUNTY DETENTION | : | |
| CENTER, | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

Currently pending before Court are Petitioner's motion to appoint counsel (ECF No. 2), motion for an injunction (ECF No. 14), motion for a temporary restraining order (ECF No. 15), and Emergency Motion (ECF No. 24) and Respondents' Motion to Dismiss (ECF No. 18). For the reasons explained below, Respondents' motion to dismiss should be granted. Petitioner's pending motions should be denied as moot.

## BACKGROUND

Petitioner filed his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 28, 2012. In his application, Petitioner argues that that he is a native and citizen of Cameroon who was taken into custody by Immigration and Customs Enforcement ("ICE") on January 13, 2011. (Pet. for Writ of Habeas Corpus 4, ECF No. 1.) Petitioner was ordered removed on April 30, 2012, and his appeal of the order of removal was dismissed. (*Id.*) Petitioner contends in his application for habeas relief that

he qualifies for an order of supervision because he has been in custody for over 180 days since his order of removal became final. (*Id.* at 7.)

Interestingly, in his habeas petition, Petitioner candidly concedes that he has "not cooperated with [ICE]'s efforts to remove [him] from the United states because [he is] a victim of many misconducts from the government agents." (Pet. for Writ of Habeas Corpus 8.) Petitioner then lists six reasons—his contended "misconducts" by the government agents—that he refused to cooperate. Petitioner further admits that he refused to sign the following forms: Warning for Failure to Depart, Instruction Sheet to Detainee Regarding Requirement to Assist in Removal, and Notice to Alien of File Custody Review. (*Id.* at 17, Exs. B, M, & O.) Although Petitioner contends that "the government will not has (sic) any ground to deport the Petitioner[,]" he does not specifically seek review of his order of removal in his application for habeas relief. (*Id.* at 22, 26.) Instead, Petitioner seeks to be released from ICE custody and an injunction preventing further "unlawful detention." (*Id.* at 26.)

Subsequent to the filing of Petitioner's application for habeas relief, the Government attempted to remove Petitioner. Each of the Government's four removal attempts—on February 19, March 1, March 19, and April 17, 2013—have been frustrated by the actions of Petitioner. ICE agents have taken Petitioner to the airport for each removal attempt, but Petitioner has been disruptive, refused to get on the airplane, or caused such a disturbance on the aircraft that he has been removed by ICE or the airline. (*See* Scolnick Mem. 1, Feb. 19, 2013, ECF No. 23-1; Scolnick Mem. 1-2, Mar. 1, 2013, ECF No. 23-3; Shirley Mem. 1-2, Mar. 20, 2013, ECF No. 29-1; Shirley Mem. 1, Apr.

2

19, 2013, ECF No. 32-1.) Petitioner's behavior has been so disruptive during these removal attempts that United Airlines has notified ICE that it will no longer accept Petitioner as a passenger on any of its flights. (Shirley Mem. 2, Mar. 20, 2013.)

Petitioner has filed three motions for injunctions seeking to prevent his removal (ECF Nos. 14, 15, 24.) Petitioner claims in these motions that an injunction should be granted preventing his removal because he is being detained illegally and that his deportation is illegal. (Inj. Mot. ¶ 4, Mot. for TRO 4, Emergency Mot. 1.) Additionally, in his most recent motion to prevent his deportation, Petitioner states that to his understanding "ICE does not suppose (sic) to remove him until the decision has been made by a federal judge." (Emergency Mot. 1.) The Eleventh Circuit denied Petitioner's motion for stay of removal on January 28, 2013. *See Ndjoko v. U.S. Attorney Gen.*, No. 12-12818-DD, slip. op. (11th Cir. Jan. 28, 2013).[1] Petitioner also request appointment of counsel in this case. Respondents seek dismissal of Petitioner's application based on the fact that Petitioner's removal is imminent and that he has failed to cooperate with his removal.

## DISCUSSION

### I.  Respondents' Motion to Dismiss

Petitioner's detention pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish

---

[1] This opinion is attached to Respondent's Memorandum of Law in Opposition to Motions for Temporary Restraining Order and Preliminary Injunction as Exhibit E, ECF No. 20-5.

an alien's removal from the United States following the entry of a final order of deportation or removal. INA § 241(a)(1)(A)-(B); 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated detention of the alien ordered removed. INA § 241(a)(2); 8 U.S.C. § 1231(a)(2). Additionally, the ninety-day removal period may be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id*. at 701. The six month presumption does not mean that every detainee not removed within the time period must be released. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. The Court of Appeals for the Eleventh Circuit has specifically held that to be released pursuant to the ruling in *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (internal quotation marks

4

and citation omitted).

Here, it is uncontested that Petitioner's removal is likely in the reasonably foreseeable future. In fact, the only reason that Petitioner has not already been removed is because Petitioner has repeatedly refused to cooperate with his removal because of his mistaken belief that this Court can rule on whether he is removable. Petitioner has failed to provide any evidence that he is not likely to be removed in the near future or to show that he would not be removed if he would cooperate with ICE's attempts at removal. *See Zadvydas*, 533 U.S. at 701 (explaining that the alien must first provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future before burden shifts to government to provide evidence to rebut that showing); *Pelich v. INS*, 329 F.3d 1057, 1061 (9th Cir. 2003) ("We therefore join the existing chorus of courts and hold that an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him."). Because Petitioner's delayed removal is due solely to his near violent refusal to cooperate, Petitioner's continued detention complies with 8 U.S.C. § 1231(a)(1)(C) and is constitutional. It is therefore recommended that Respondents' motion to dismiss be granted.

Furthermore, to the extent that Petitioner is challenging his final order of removal, his petition should be dismissed for lack of jurisdiction. Specifically, the REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. The REAL ID Act states:

Notwithstanding any other provision of law (statutory or nonstatutory),

> including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This is a clear statement of congressional intent to limit habeas jurisdiction in certain circumstances. *See Sundar v. INS*, 328 F.3d 1320, 1324 (11th Cir. 2003) (explaining that habeas review may only be limited where there is a clear statement by Congress); *Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal maybe reviewed only by a court of appeals after the filing of a petition for review."). There is a final order of removal here that can only be, and currently is being, reviewed by the Eleventh Circuit. *See generally Ndjoko v. U.S. Attorney Gen.*, No. 12-12818 (11th Cir.). This Court lacks jurisdiction under the REAL ID Act to hear Petitioner's claims concerning whether his order for removal was "legal" or proper.

## II. Petitioner's pending motions

Petitioner also currently has pending three motions for an injunction to prohibit his removal and a motion to appoint counsel. Because the Court is recommending dismissal of Petitioner's application for habeas relief, it further recommends denial of Petitioner's motions as moot. Additionally, Petitioner's motions for injunctive relief should be denied because this Court lacks jurisdiction to determine his removability. The Eleventh Circuit has previously denied Petitioner's motion for a stay of removal finding that Petitioner "failed to show that he is likely to succeed on the merits of his petition." *Ndjoko*, No. 12-12818-DD, slip. op. (11th Cir. Jan. 28, 2013). Consequently, Petitioner's

motion to stay his removal has been heard and denied by the Court which properly has jurisdiction over that question. Petitioner's motions should thus be denied.

## CONCLUSION

For the reasons stated above, Respondents' Motion to Dismiss (ECF No. 18) should be granted. Petitioner's motion to appoint counsel (ECF No. 2), motion for an injunction (ECF No. 14), motion for a temporary restraining order (ECF No. 15), and Emergency Motion (ECF No. 24) should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED this 25th day of April, 2013.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE